**HOME IMPROVEMENT COMMISSION**

COOPERATIVE HOUSING – LICENSING REQUIREMENT INAPPLICABLE TO COOPERATIVE WHEN ITS EMPLOYEES PERFORM WORK FOR INDIVIDUAL MEMBERS

September 1, 1995

*The Honorable Leo E. Green*
*Maryland Senate*

You have asked for an opinion concerning the application of the Maryland Home Improvement Act to cooperative housing. Specifically, you have asked whether Greenbelt Homes, Inc. ("GHI"), a 1,600 unit housing cooperative located in Greenbelt, must have a home improvement license in order to perform work for individual members.

In our opinion, GHI does not need a license in order to perform this work.

## I

### Background

In a housing cooperative such as GHI, the property is owned by a cooperative made up of individual members. A member buys a share in the cooperative and enters into a contract with the cooperative for the right to reside in a particular home, or "unit".[1] Under that contract, some types of maintenance, repair, and improvement are the responsibility of GHI, while others are the responsibility of the individual members. Those items that are the responsibility of GHI are performed by the employees of GHI and are paid for by revenues generated by monthly fees. In addition, GHI has a program by which individual members may contract with it to perform work that is the member's responsibility under the

---

[1] The vast majority of the units owned by GHI are townhomes.

contract.  This work is performed by GHI employees, but paid for by the member directly.

## II

### Licensing Requirement

Under §8-301(a) of the Business Regulation ("BR") Article, Maryland Code, "Except as otherwise provided in this title, a person must have a contractor license whenever the person acts as a contractor in the State."  A "contractor" is defined as "a person, other than an employee of an owner, who performs or offers or agrees to perform a home improvement for an owner."  BR §8-101(c).

BR §8-101(g)(1) defines "home improvement" as:

> (i)    the addition to or alteration, conversion, improvement, modernization, remodeling, repair, or replacement of a building or part of a building that is used or designed to be used as a residence or a structure adjacent to that building; or

> (ii) an improvement to land adjacent to the building.

For the purposes of this opinion, we assume that some of the work performed by GHI for individual members is the type of work that is included in the definition of "home improvement."  *See* BR §8-101(g)(1)(2).  That assumption leads us to consider whether individual units of cooperative housing constitute a covered location. It is our view that they are covered.

"Home improvement" includes work done on individual condominium units. BR §8-101(g)(2)(iv). However, that term does not include work done on apartment buildings that contain four or more single family units or work done on the commonly owned areas of condominiums.  BR §8-101(g)(3)(v) and (vi).

The homes owned by GHI are, for the most part, townhomes. They are clearly buildings, or parts of buildings, designed to be used

as residences. They are not apartment buildings, nor can they be likened to the commonly owned areas of condominiums.[2] Therefore, the work in question does constitute a "home improvement."

The final element in the definition of "contractor" is that the work is done for an "owner." As used in the Home Improvement Law, "owner" is not limited to the person who actually holds title but "includes a ... tenant, or other person who buys, contracts for, orders, or is entitled to a home improvement." BR §8-101(k). Thus, the term is broad enough to include a cooperative member who enters into a contract for the repair of the member's residence.

As a result, GHI is acting as a contractor and must be licensed under BR §8-301(a) unless an exception applies.


### III

### Licensing Exceptions

BR §8-301(d) lists certain exceptions to the licensing requirement. Specifically, no license is required for:

> (1) an individual who works for a contractor or subcontractor for a salary or wages but who is not a salesperson for the contractor;
>
> (2) a clerical employee, retail clerk, or other employee of a licensed contractor who

---

[2] The language relating to condominiums was added by Chapter 120 of the Laws of Maryland 1994. This language was added in response to a District Court decision from Worcester County holding that condominium owners were not protected by the Act. The amendment adopted the position of the Home Improvement Commission, which was that repairs to individual condominium units are covered. *See* Bill Analysis, Economic Matters Committee, Senate Bill 52 of 1994. Similarly, it is the position of the Commission that repairs to apartment units are covered when contracted for by the tenant. Logically, then, individual units of cooperatives would be covered as well.

is not a salesperson, as to a transaction on the premises of the licensed contractor;

(3) a solicitor for a contractor who calls an owner by telephone only;

(4) an architect, electrician, plumber, heating, ventilation, air-conditioning, or refrigeration contractor, or other person who:

(i) is required by State or local law to meet standards of competency or experience before engaging in an occupation or profession;

(ii) currently is licensed in that occupation or profession under State or local law; and

(iii) is:

1. acting only within the scope of that occupation or profession; or

2. installing a central heating or air-conditioning system;

(5) a security systems technician licensed under Title 18 of the Business Occupations and Professions Article; or

(6) a person who is selling a home improvement to be performed by a person described in item (4) of this subsection.

These exceptions make clear that the individual employees of GHI who perform the work are not required to be licensed, but they have no relevance with respect to the status of GHI itself. An additional exception, however, can be found in the definition of "contractor," which excludes employees of the contractor.

As discussed in Part II above, the term "owner," as used in the Home Improvement Law, is broad enough to include a cooperative

housing member who contracts for home improvement services. However, the definition in BR §8-101(k) is not exclusive, and must be read as encompassing those who are owners in the ordinary sense of the word. *See* Article 1, §30 ("The words 'includes' or 'including' mean ... includes or including by way of illustration and not by way of limitation."). *See generally Parrison v. State*, 335 Md. 554, 559 (1994) ("In our quest to discern legislative intent, we construe the statute as a whole and interpret the words of the statute according to their natural and commonly understood meaning.").

GHI is the legal owner of the cooperative's property. Thus, "owner" also includes GHI, and, since the work is to be done by employees of GHI, a contractor license is not required. Although not expressly stated as an exception in the law, an owner does not need a contractor's license before its employees may work on its own property.

In our view, this result is consistent with the legislative purposes behind the Home Improvement Law. Unlike the contractors that are the focus of the law, GHI has a direct interest in the value of the property, and, therefore, in the proper performance of the work. Moreover, should there be a problem with the work, the member will always be able to locate GHI, and, as a member, will always have a forum in which to air grievances. These facts serve to differentiate this situation from those in which licensing is required.

J. Joseph Curran, Jr.
*Attorney General*

Kathryn M. Rowe
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*